**LEWIS BRISBOIS BISGAARD & SMITH LLP**
KATHLEEN M. WALKER, SB# 156128
  E-Mail: Kathleen.Walker@lewisbrisbois.com
JEFFREY S. HEALEY, SB# 217069
  E-Mail: Jeffrey.Healey@lewisbrisbois.com
RASHMI GUPTA, SB# 229793
  E-Mail: Rashmi.Gupta@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants, JAMES J ELIST, M.D. (erroneously sued as DR JAMES J ELIST); JAMES J ELIST, M.D. (A MEDICAL CORPORATION) (erroneously sued as JAMES J ELIST (A MEDICAL CORPORATION); MENOVA INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. LONG,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES J ELIST (A MEDICAL CORPORATION, DR JAMES J ELIST (A MEDICAL DOCTOR) MENOVA INTERNATIONAL, INC.),<br><br>Defendant. | Case No. 2:26-cv-02391-SRM-DTBx<br><br>**DEFENDANTS' (JAMES J ELIST, M.D. (erroneously sued as DR JAMES J ELIST); JAMES J ELIST, M.D. (A MEDICAL CORPORATION) (erroneously sued as JAMES J ELIST (A MEDICAL CORPORATION); MENOVA INTERNATIONAL, INC.) NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION AND TO STAY THE DISTRICT COURT MATTER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF RASHMI GUPTA, ESQ.; EXHIBITS**<br><br>[Filed concurrently with Proposed Order]<br><br>Date: October 14, 2026<br>Time: 1:30 p.m.<br>Judge:  Serena R. Murillo<br>Trial Date:        None Set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORDS:

PLEASE TAKE NOTICE that on October 14, 2026 , or as soon thereafter as the matter can be heard, before the Honorable Serena R. Murillo, in Courtroom 5D, located at 350 West 1st Street, 10th Floor, Los Angeles, California, 90012, Defendants  JAMES J ELIST, M.D. (erroneously sued as DR JAMES J ELIST); JAMES J ELIST, M.D.  (A MEDICAL CORPORATION) (erroneously sued as JAMES J ELIST (A MEDICAL CORPORATION); MENOVA INTERNATIONAL, INC ("Defendant"), hereby Motions for an order compelling Plaintiff to arbitrate in binding arbitration the controversy alleged in the Complaint and request for stay of this action is to be heard.

The Motion and request for stay is based upon this Notice, the accompanying Motion to Compel Arbitration, pursuant to the Federal Arbitration Act and/or California Code of Civil Procedure §§ 1281, 1281.2, 1281.4, and 1290 et. seq., the Memorandum of Points and Authorities in support, the attached Declaration of Rashmi Gupta, Esq, the attached Exhibits, all pleadings, papers and records on file herein, and upon any oral argument of counsel at the time of the hearing of this Motion.

This Motion is made following the conference of counsel pursuant to L.R.7-3, which Defendant commenced relative to Plaintiff's Complaint on June 18, 2026 and July 9, 2026 telephonically, as well as in writing.  (See Declaration of Rashmi Gupta, Esq., filed herewith).

///

///

///

///

///

///

///



180019564.1

2

MOTION TO COMPEL BINDING ARBITRATION

DATED:  July 14, 2026                    LEWIS BRISBOIS BISGAARD & SMITH LLP


By: _____ /s/ Jeffrey S. Healey _____
JEFFREY S. HEALEY
RASHMI GUPTA
Attorneys for Defendants, JAMES J ELIST, M.D. (erroneously sued as DR JAMES J ELIST); JAMES J ELIST, M.D.  (A MEDICAL CORPORATION) (erroneously sued as JAMES J ELIST (A MEDICAL CORPORATION);                   MENOVA INTERNATIONAL, INC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180019564.1                                           3
MOTION TO COMPEL BINDING ARBITRATION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff, Michael Long, contends that he underwent a penile implant procedure performed in California by the Defendant JAMES J ELIST, M.D. in 2021. **Nearly 4 years post op**, Plaintiff contends that he experienced post-operative complications associated with the implant, alleging that the solid silicone implant began to leak. He contends he notified Dr. Elist of same in 2025 and Dr. Elist referred Plaintiff to another surgeon, Adam DeFazio, M.D., in Florida, (the State where plaintiff resides), to undergo removal of the implant. Plaintiff contends that he experienced operative complications and sustained injury during the removal procedure with Dr. DeFazio (non-party to this action). (First Amended Complaint (FAC) Pages, 3-4). Based on these allegations and via allegations of diversity jurisdiction Plaintiff has brough the instant action against JAMES J ELIST, M.D. and JAMES J ELIST, M.D. (a Medical Corporation), and MENOVA INTERNATIONAL, INC., (the company founded by Dr. Elist which manufactures and markets the penile implant at issue). (See FAC page 3, Lines 6-8).

However, by bringing this action in the District Court Plaintiff is ignoring his contractual obligation to arbitrate any and all disputes arising out of or related to the care and treatment provided to him by Dr. Elist pursuant to the voluntary Arbitration Agreement he executed  (See Declaration of Rashmi Gupta, Exhibit "A"). The Arbitration Agreement clearly states that it applies to "medical malpractice", as well as to "All claims for monetary damages exceeding the jurisdictional limit of the small claims court against the physician, and the physicians partners, associates, association, corporation or partnership, and employees, agents and estates of any of them…." (Exhibit "A" at Article 1 and 4). The Arbitration Agreement also states that " It is the intention of the parties that this agreement bind all parties whose claims may arise or out of or relate to treatment or service provided by the physician . . ." (*Id.* Article 2). Further, the Arbitration Agreement states that "All claims based upon

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

the same incident, transaction or related circumstances shall be arbitrated in one proceeding." (*Id* at Article 4). Since the FAC and the claims pled stem from the care and treatment arising out of the physician patient relationship between Defendant and Plaintiff, the instant matter should be ordered to be adjudicated in binding arbitration as that is what the parties hereto had contracted to take place.

As the Court is aware, governing law mandates that arbitration agreements, such as that entered by Plaintiff, are presumed enforceable and rigorously enforced. *See Perry v. Thomas*, 482 U.S. 483, 490 (1987); *Berman v. Dean Witter & Co., Inc.*, 44 Cal. App. 3d 999, 1003 (1975). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983); *see also Pacific Investment Co. v. Townsend*, 58 Cal. App. 3d 1, 9-10 (1976).

Per the terms of the attached Arbitration Agreement, Plaintiff is contractually bound to adjudicate this matter in binding arbitration and not in District Court. Plaintiff cannot, and must not, be permitted to avoid his contractual obligation and thus the instant Motion to Compel Arbitration should be granted. Failure to grant the instant Motion will deviate from the clear intent of the parties that disputes, such the instant dispute, be resolved by way of binding arbitration. Defendant is also entitled to arbitration based on the strong public policy favoring arbitration as a means of resolving disputes because it is expeditious, inexpensive, and relieves overburdened courts. Accordingly, Defendant hereby respectfully requests that the instant Motion be granted.

## II.    FACTUAL BACKGROUND

Plaintiff present to Defendant Dr. Elist in California to undergo a penile implant procedure in 2021. The penile implant procedure was performed by Dr. Elist on **October 15, 2021**. The procedure consists of implanting a <u>solid</u> silicone device called

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

the Himplant or Penuma around the penile shaft.  (FAC Pages 3-4)  Nearly 4 years post op, in July 2025, Plaintiff contacted Dr. Elist and advised he was experiencing complication with the implant.  Plaintiff contends that the solid silicone implant began to leak.  On July 10, 2025, in a telephone conversation with Dr. Elist, Dr. Elist prescribe the antibiotic Keflex in case the liquid leaking was due to infection.  Dr Elist also advised Plaintiff to see Dr. Adam DeFazio (a non-party to this action) of Miami Men's Clinic to have the implant removed.  (Plaintiff resides in Florida).  On July 29, 2025, Plaintiff underwent surgery with Dr. DeFazio to remove the implant.  Plaintiff contends he experienced operative complications, namely "loss of a heartbeat, (b)cessation of both circulatory and respiratory functions (c) lost functions of the entire brain, including the brainstem for a duration of over 3minutes…." (FAC, Page 3-4, Quoted language from Page 2, Lines 3-6). Based on these allegations and via allegations of diversity jurisdiction Plaintiff has brough the instant action against JAMES J ELIST, M.D. and JAMES J ELIST, M.D. (a Medical Corporation), and MENOVA INTERNATIONAL, INC., (the company founded by Dr. Elist which manufactures and markets the penile implant at issue).  (See FAC page 3, Lines 6-8).

However, by bringing this action in the District Court plaintiff is ignoring his contractual obligation to arbitrate any and all disputes arising out of or related to the care and treatment provided to him by Dr. Elist pursuant to the voluntary Arbitration Agreement he executed  (See Declaration of Rashmi Gupta, Exhibit "A").  The Arbitration Agreement that Plaintiff executed with Dr. Elist in 2021 states in pertinent part as follows,

> "Article 1: "It is understood that any dispute as to medical malpractice, that is as to whether any medical services rendered under this contract were unnecessary or unauthorized or were improperly, negligently, or incompetently rendered, will be determined by submission to arbitration as provided by California law . . ."

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180019564.1

6

MOTION TO COMPEL BINDING ARBITRATION

Article 2: " It is the intention of the parties that this agreement bind **all parties whose claims may arise or out of or relate to treatment or service provided by the physician . . .**"

"**All claims for monetary damages** exceeding the jurisdictional limit of the small claims court **against the physician, and the physicians partners, associates, association, corporation or partnership, and employees, agents and estates of any of them**, must be arbitrated including, without limitation . . . claims for . . . punitive damages."

"Article 4: **All claims based upon the same incident, transaction or related circumstances** shall be arbitrated in one proceeding." (Exhibit "A", Emphases added.)

Defense counsel met and conferred with Plaintiff prior to filing the instant Motion and even provided him with a copy of the Arbitration Agreement. Plaintiff never denied executing the subject Agreement. Plaintiff refused to stipulate to arbitration and thus the filing of the instant Motion. (Declaration of Rashmi Gupta).

As clearly set forth above, the parties mutually agreed to arbitrate claims arising out of or related to the care and treatment and services rendered to Plaintiff, including but not limited to the claims pled in this action. Accordingly, Defendants respectfully request that the Court order this entire matter to be adjudicated in binding arbitration.

## III.   GOVERNING LAW AND CALIFORNIA PUBLIC POLICY COMPEL ARBITRATION OF THIS MATTER

### A   Legal Standard

Under the Federal Arbitration Act and California law, arbitration agreements such as that entered into by Plaintiff are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see also* Cal. Code Civ. Proc. § 1281 ("A written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract"). Moreover, arbitration is a highly favored means of settling disputes, and the Supreme Court has stated that arbitration agreements "must be 'rigorously

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

enforce[d].'" *Perry v. Thomas*, 482 U.S. 483, 490 (1987) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985)) (alteration in *Perry)*; *see also Berman v. Dean Witter & Co., Inc.*, 44 Cal. App. 3d 999, 1003 (1975) (observing that in California "arbitration is highly favored as a method for the settlement of disputes" and collecting cases).

"The [party seeking arbitration] bears the burden of proving the existence of a valid arbitration agreement by the preponderance of the evidence, and a party opposing the petition bears the burden of proving by a preponderance of the evidence any fact necessary to its defense." *Bridge Fund Capital Corp. v. Fastbucks Franchise,* 622 F.3d 996, 1005 (9th Cir. 2010) (quoting *Engalla v. Permanente Med. Group, Inc.,* 15 Cal. 4th 951, 972 (1997)); *Rosenthal v. Great Western Fin. Sec. Corp.,* 14 Cal. 4th 394, 413 (1996) (party opposing petition to compel arbitration by challenging enforceability of arbitration agreement bears burden of proving agreement is unenforceable).

Governing authority also dictates that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem. Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 25 (1983); *Pacific Inv. Co. v. Townsend*, 58 Cal. App. 3d 1 (1976) 9-10 ("Courts should indulge every intendment to give effect to such proceedings and order arbitration unless it can be said with assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.") (internal citations omitted).

Courts have stated that arbitration agreements should be liberally interpreted and that arbitration should be ordered unless the agreement clearly does not apply to the dispute in question. *Weeks v. Crow*, 113 Cal. App. 3d 350, 353 (1980). *In Retail Clerks Union, Local 775 v. Purity Stores, Inc.*, 41 Cal. App. 3d 225, 231 (1974), the court ordered arbitration, stating:

Doubts as to whether an arbitration clauses applies are to be resolved in favor of arbitration. *Coast Plaza Doctors Hospital v. Blue Cross of California* (2000) 83

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180019564.1

8

MOTION TO COMPEL BINDING ARBITRATION

Cal.App.4th 677, 686. Further, arbitration should be ordered "unless it can be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute." *United Steelworkers v. Warrior & Gulf Navigation Co.* (1960) 363 U.S. 574, 582–583.

Clearly, this dispute is subject to arbitration as the Arbitration Agreement on its face reflect that the parties have agreed to resolve any dispute by way of binding arbitration. Accordingly, the instant Motion to Compel Arbitration should be granted.

**B.    Plaintiff Himself Executed the Arbitration Agreement**

The subject Arbitration Agreement was executed by Mr. Long, Plaintiff. (See Exhibit "A"). During the meet and confer process before filing the instant Motion Plaintiff never denied his signature was on the arbitration agreement, even after a courtesy copy of the Arbitration Agreement was provided to him shortly before the instant Motion was filed. (Declaration Rashmi Gupta).

**C.    The Claims Asserted In Plaintiff's Complaint Are Explicitly Covered By The Arbitration Agreements**

The entire action is encompassed by the Arbitration Agreement. The Complaint and the claims pled are clearly based on the care and treatment provided to Plaintiff by Dr. Elist. The Arbitration Agreement clearly states it encompasses all claims arising out of that relationship and pertains not only to Dr. Elist, but also to his partners, associates, association, corporation or partnership. It also expressly states it applies to "**All claims based upon the same incident, transaction or related circumstances**…" (Exhibit "A" Article 4, Emphases added.). As such, the Arbitration Agreement at issue is sufficiently broad to encompass all claims and parties pled in this action.

As the Court is aware, a party to a written contract is charged with having read and understood its contents. *Randas v. YMCA*, 17 Cal. App. 4th 158, 163 (1993). In fact, when a person with the capacity of reading and understanding an instrument signs it, she may not, in the absence of fraud, coercion or excusable neglect, avoid its

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

terms on the ground that he failed to read it before signing it. *Bolanos v. Khalatian*, 231 Cal.App.3d 1586, 1590 (1991). Accordingly, by executing the attached Arbitration Agreement, the law presumes that Plaintiff read and understood its terms and thus assented to the terms therein. Therefore, the instant Motion should be granted.

Since the claims asserted against the moving Defendants arise from, are related to, and/or have a connection with the care and services rendered to Plaintiff, the subject Motion should be granted as that is what the parties clearly intended and contracted to take place. Accordingly, Defendants respectfully requests that the Court order this entire matter to binding arbitration consistent with the terms of the Arbitration Agreement.

**IV.     THE DISTRICT COURT MATTER SHOULD BE STAYED PENDING THE HEARING ON THIS MOTION AND SHOULD REMAIN STAYED PENDING THE COMPLETION OF ARBITRATION**

9 *U.S. Code* Section 3 states,

> "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, **shall** on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration. (Emphases added.)

Further, CCP 1281.4 states,

> "If a court of competent jurisdiction, whether in this State or not, has ordered arbitration of a controversy which is an issue involved in an action or proceeding pending before a court of this State, the court in which such action or proceeding is pending **shall**, upon motion of a party to such action or proceeding, stay the action or proceeding until an

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies." (Emphases added.)

Accordingly, the District Court matter must be stayed pending the hearing and ruling on the instant Petition and should remain stayed pending the completion of arbitration to enforce any arbitration award, if applicable.

## V.   **CONCLUSION**

Defendants have met the burden placed upon it by the law: demonstrating the existence of an arbitration agreement covering the asserted claims. That is all that is needed to send this case to arbitration. Defendants, therefore, respectfully request that the Court issue an order compelling arbitration of all claims in this action, and staying all further proceedings in the District Court action pending the completion of binding arbitration.

DATED:  July 14, 2026

KATHLEEN M. WALKER
JEFFREY S. HEALEY
RASHMI GUPTA
LEWIS BRISBOIS BISGAARD & SMITH LLP


By:  _____/s/ JEFFREY S. HEALEY_____
JEFFREY S. HEALEY
Attorneys for Defendants, JAMES J ELIST, M.D. (erroneously sued as DR JAMES J ELIST); JAMES J ELIST, M.D. (A MEDICAL CORPORATION) (erroneously sued as JAMES J ELIST (A MEDICAL CORPORATION); MENOVA INTERNATIONAL, INC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180019564.1

11

MOTION TO COMPEL BINDING ARBITRATION

**FEDERAL COURT PROOF OF SERVICE**
Long v Elist, et al.
Case No. 2:26-CV-02391-SRM-DTBx

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 14, 2026, I served the following document(s): DEFENDANTS' (JAMES J ELIST, M.D. (erroneously sued as DR JAMES J ELIST); JAMES J ELIST, M.D. (A MEDICAL CORPORATION) (erroneously sued as JAMES J ELIST (A MEDICAL CORPORATION); MENOVA INTERNATIONAL, INC.) NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION AND TO STAY THE DISTRICT COURT MATTER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF RASHMI GUPTA, ESQ.; EXHIBITS

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Michael E. Long
PO BOX 15976, St. Petersburg Florida, 33733
Tel No: (727) 754-0737
Email: mlonginc@aol.com

*Plaintiff*

The documents were served by the following means:

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 14, 2026, at Los Angeles, California.

_____
/s/ Maribel Garavito-Miranda
Maribel Garavito-Miranda

179977563.1

1

MOTION TO COMPEL BINDING ARBITRATION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**FEDERAL COURT PROOF OF SERVICE**
Long v Elist, et al.
Case No. 2:26-CV-02391-SRM-DTBx

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 14, 2026, I served the following document(s):  DEFENDANTS' (JAMES J ELIST, M.D. (erroneously sued as DR JAMES J ELIST); JAMES J ELIST, M.D. (A MEDICAL CORPORATION) (erroneously sued as JAMES J ELIST (A MEDICAL CORPORATION); MENOVA INTERNATIONAL, INC.) NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION AND TO STAY THE DISTRICT COURT MATTER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF  RASHMI GUPTA, ESQ.; EXHIBITS

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Michael E. Long
PO BOX 15976, St. Petersburg Florida, 33733
Tel No: (727) 754-0737
Email: mlonginc@aol.com

*Plaintiff*

The documents were served by the following means:

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 14, 2026, at Los Angeles, California.

_____
/s/ Maribel Garavito-Miranda
Maribel Garavito-Miranda

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW