UNITED STATES DISTRICT COURT

CENTRAL DISTRICT COURT

WESTERN DIVISION

FILED

CLERK, U.S. DISTRICT COURT

7/16/2026

CENTRAL DISTRICT OF CALIFORNIA

BY _____ang_____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

MICHAEL E LONG

       Plaintiff,

vs.

JAMES J ELIST (A MEDICAL CORPORATION)

JAMES J ELIST (A MEDICAL DOCTOR)

MENOVA INTERNATIONAL INC

       Defendant

Case No.: 2:26-CV-02391-SRM-DTBx

**OPPOSTION TO MOTION TO COMPEL TO ARBITRATION**

Hereby the Plaintiff, Michael E Long respectfully requests that the court deny the defendant Motion to Compel to Arbitration on its entirety based on the following reason:

**1)  UNCONSCIONABILITY**

(a)The contract was fundamentally unfair and one-sided when signed

(b) unfairly limits plaintiff's rights and attempts to waive rights that cannot be legally waived,

(c) plaintiff's legal rights under federal or state law override the arbitration requirements

**2) FRAUD, DURESS, OR COERCION**

A) The clause was obtained through fraud, duress and misrepresentation

The scope of the agreement  encompasses having a specific implant, once defendant either willfully change the device or willfully misrepresented the implant as being solid and contain no fluid, that was misrepresentation and a material breach of contract which made the arbitration clause null and void

B) The date on the agreement 10/15/2021 is the same date as the surgery , but it's not clear when the agreement was allegedly signed, if after the surgery than plaintiff could not legally consent as he would've been still under the effects of anesthesia and if before the surgery than that could be seen as coercion, to present a contract just before

MOTION TO DENY MOTIN TO COMPEL TO ARBITRATION - 1

surgery, after plaintiff had paid for the surgery in full and would not get a full refund if he refused to  sign  which amounts to a form of coercion or at the very least one party exerting excessive control over the other party's decision, which can render a contract voidable

### 3) RELEVANCE

The arbitration clause doesn't specifically cover plaintiff's type of claim and is not relevant to case

A)  The arbitration clause was pertained to the installation of a 'Solid silicone block that contain no fluid" The implant that was use in the surgery contain fluid, thus rendering the agreement null and void. Example if Plaintiff sign a contract agreement to purchase a Mercedes and the dealership delivers a Ford than the contract is not viable or enforceable. Plaintiff had no way of knowing that the implant that Dr Elist installed in him was not the implant agreed on until the implant tore through his skin and he observed the leakage

### 4)  PUBLIC POLICY VIOLATIONS

Claims involving public safety or significant interests may proceed in court regardless of arbitration clauses

A) Dr Elist and Menova are still advertising the Himplant as being FDA clear and solid with no fluid thus risking the lives of other patient that may seek their services, despite the evidence of the implant leaking and the dire consequences of an implant recipient actually dying and had to be resurrected from effect of the leakage of the fluid. Dr Elist and Menova have shown blatant disregard for public safety and the Plaintiff as they have not disclosed the content of the fluid to this day

### 5)  PERSONAL INJURY CLAIMS

While personal injury can sometimes be arbitrated, specific circumstances-such as car accident, permanently injury to brain, heart, or wrongful death can prevent adequate compensation

### DISPUTE OF ACCURACY OF DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Michael Long underwent a surgical procedure to install a silicone solid block implant on October 15, 2021 in June of 2025, the implant began probing against the skin of plaintiff, this cannot be dismiss as simply post-operative complications over 4 years later , on July 3rd plaintiff provided videos and photos of the implant protrusion to Dr James Elist, instead of instructing  plaintiff to seek emergency medical attention, Dr James Elist show no concern for plaintiff's health, but took the opportunity to try sell another surgery by telling the plaintiff that he just needed another surgery to install a bigger implant and instruct plaintiff to not worry and that the implant would not

MOTION TO DENY MOTIN TO COMPEL TO ARBITRATION - 2

break thru the skin, on July 6th the implant broke thru skin of plaintiff and began leaking unknown fluid, plaintiff contacted Dr James Elist again and despite seeing video evidence of the implant leaking, Dr Elist refuse to disclose the content of the fluid , but said he would prescribed Keflex in case the fluid cause any complications. Despite undeniable and undisputable video proof of the implant leaking Dr Elist refuses to reveal to plaintiff the nature of the fluid. It is the plaintiff belief that the contents of the fluid leaking in his body were the primary reason that during surgery the plaintiff heart stop and cessation of all biological functions for over 3 minutes, causing irreversible harm to plaintiff heart, brains, kidney and other major organs.

While defense attorney points out that plaintiff did not directly denied signing the arbitration page, plaintiff also never admitted  to signing agreement and has doubts about the accurate and legitimate of the agreement due to questions about the integrity of Dr Elist who was put on a 5 year Medical Board Probation for repeated negligent acts and was required to complete a course in ethics, record keeping amongst other things and who also in 2019 was reprimanded by the California Medical Board for failing to maintain accurate medical records

For all the above reasons the Plaintiff respectfully requests the court to deny the defendant's motion to compel arbitration and allow the Plaintiff his constitutional right under the Seventh Amendment, which guarantees the right to a jury trial in federal cases involving disputes over $20

Dated 16th Day of July 2026

s/o   Michael E Long

PLAINTIFF

MICHAEL E LONG

P.O. BOX 15976, ST PETERSBURG FL 33733

(727) 754-0737 mlonginc@aol.com

MOTION TO DENY MOTIN TO COMPEL TO ARBITRATION - 3

**Federal Cases Where Arbitration Was Rejected in California**

1) **Perry v Thomas, 482 U.S. 483 (1987)**
   The U.S. Supreme Court upheld a California Superior Court decision refusing to compel arbitration in a wage claim under California Labor Code $229. The court held that $229, which allows wage collection actions without regard to arbitration agreements, was not preempted by the Federal Arbitration Act (FAA) because the 1934 Securities Exchange Act did not create a clear federal intent to require arbitration

2) **Cody v Jill Acquisition LLC, 2025 WL 3807822 (S.D. Cal. June 30, 2025)**
   A federal district court denied a motion to compel arbitration in a consumer dispute. Although the Terms of Use contained a conspicuous arbitration clause, the court found that the option to checkout as a guest did not provide sufficient inquiry notice that the consumer would be bound by the arbitration agreement

3) **Chamber of Commerce of the United States of America n. Bonta, 2023 WL 2013326 (9th Cir. Feb. 15, 2023)**
   The Ninth Circuit held that California's AB 51 law, which prohibits employers from requiring mandatory arbitration as a condition of employment, is preempted by the FAA. This decision, while upholding AB 51's prohibitions on forming arbitration agreements, shows that federal courts can reject enforcement of arbitration agreements when state law creates an obstacle to their formation

4) **Pull Quote from Armstrong v. Michaels Stores, Inc, 733 F.3d 916 (9th Cir. 2013)**
   The Ninth Circuit found an arbitration agreement procedurally unconscionable because it was presented on a "take it or leave it" basis, terms were not disclosed until weeks after agreement, and it favored the employer in arbitration selection and fee apportionment

   **Key Takeaways**
   **Statutory exceptions, Notice requirements, Preemption and Procedural unconscionability can all render arbitration agreements unenforceable**

   **These cases show that in California federal courts, arbitration is not automatically enforceable if statutory procedural, or policy-based grounds exist**